**Gabriela YAQUE–MARTINEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70700.

INS No. A73–220–142.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.[*]

Decided Feb. 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**292**

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM**

Gabriela Yaque–Martinez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her requests for asylum, withholding of removal, and relief under the United Nation's Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA adopts in part the IJ's decision, as here, we review both the BIA's and the IJ's decisions for substantial evidence. *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We deny the petition for review.

■ The IJ correctly determined that Yaque–Martinez failed to establish an evidentiary nexus between her estranged father's kidnaping and her fear of future persecution because she submitted no evidence indicating her father's political views were imputed to her. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991). Similarly, Yaque–Martinez did not show more than a "generalized or random" possibility of persecution because she testified that the Guatemalan guerillas never harmed or threatened to harm her, and that the guerillas did not look for her after she left Guatemala. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998). Finally, Yaque–Martinez failed to demonstrate that the guerillas wanted to persecute her for an actual political opinion because although she testified that she supported the Guatemalan government, she did not indicate that anyone else knew about her political views. *See Sangha v. INS,* 103 F.3d 1482, 1489–90 (9th Cir. 1997). Accordingly, Yaque–Martinez failed to establish eligibility for asylum and therefore failed to satisfy the more stringent standard for withholding of removal. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to consider Ya-que–Martinez's contention that she would be persecuted on account of her membership in the social group of her family because she did not raise this issue before the BIA. *See Ochave v. INS,* 254 F.3d 859, 867 n. 3 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**